Robert L. Janicki, #5493
Michael L. Ford, #8586
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone:  (801) 532-7080
Facsimile:  (801) 323-2090
rjanicki@strongandhanni.com
mford@strongandhanni.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSEPH E. FERRERI,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF AMERICAN FORK, and SHAWN E. LOTT,<br><br>  Defendant. | **ANSWER TO COMPLAINT AND JURY DEMAND**<br><br>Case No.:  2:23-cv-559<br><br>Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Defendants City of American Fork and Shawn E. Lott (collectively "these answering Defendants"), by and through counsel of record, hereby answer Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

1. These answering Defendants are without information regarding the allegations contained in the introductory paragraph of Plaintiff's Complaint and therefore deny the same.

2.	These answering Defendants are without information regarding the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore deny the same.

3.	These answering Defendants admit the allegations contained in paragraphs 2 and 3 of Plaintiff's Complaint.

4.	The allegations set forth in paragraphs 4 and 5 of Plaintiff's Complaint set forth legal conclusions to which no response is required from these answering Defendants. To the extent a response may be deemed required, these allegations are denied.

5.	These answering Defendants are without information regarding the allegations contained in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of Plaintiff's Complaint and therefore deny the same.

6.	These answering Defendants are without information regarding the allegations contained in paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of Plaintiff's Complaint and therefore deny the same.

7.	These answering Defendants are without information regarding the allegations contained in paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, and 55 of Plaintiff's Complaint and therefore deny the same.

8.	These answering Defendants are without information regarding the allegations contained in paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, and 74 of Plaintiff's Complaint and therefore deny the same.

9.	These answering Defendants are without information regarding the allegations contained in paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, and 89 of Plaintiff's Complaint and therefore deny the same.

10. These answering Defendants are without information regarding the allegations contained in paragraphs 90, 91, 92, 93, 94, 95, 96, 97, and 98 of Plaintiff's Complaint and therefore deny the same.

11. In response to the allegations contained in paragraph 99 of Plaintiff's Complaint, these answering Defendants incorporate their responses to paragraphs 1 through 98, as if fully set forth herein.

12. The allegations set forth in paragraphs 100 and 101 of Plaintiff's Complaint set forth legal conclusions to which no response is required from these answering Defendants. To the extent a response may be deemed required, these allegations are denied.

13. These answering Defendants are without information regarding the allegations contained in paragraph 102 of Plaintiff's Complaint and therefore deny the same.

14. These answering Defendants deny the allegations contained in paragraphs 103, 104, 105, and 106 of Plaintiff's Complaint.

15. In response to the allegations contained in paragraph 107 of Plaintiff's Complaint, these answering Defendants incorporate their responses to paragraphs 1 through 106, as if fully set forth herein.

16. The allegations set forth in paragraph 108 of Plaintiff's Complaint set forth legal conclusions to which no response is required from these answering Defendants. To the extent a response may be deemed required, these allegations are denied.

17. These answering Defendants are without information regarding the allegations contained in paragraph 109 of Plaintiff's Complaint and therefore deny the same.

18. These answering Defendants deny the allegations contained in paragraphs 110, 111, 112, 113, and 114 of Plaintiff's Complaint.

19. In response to the allegations contained in paragraph 115 of Plaintiff's Complaint, these answering Defendants incorporate their responses to paragraphs 1 through 114, as if fully set forth herein.

20. The allegations set forth in paragraph 116 of Plaintiff's Complaint set forth legal conclusions to which no response is required from these answering Defendants. To the extent a response may be deemed required, these allegations are denied.

21. These answering Defendants are without information regarding the allegations contained in paragraph 117 of Plaintiff's Complaint and therefore deny the same.

22. These answering Defendants deny the allegations contained in paragraphs 118, 119, 120, and 121 of Plaintiff's Complaint.

23. In response to the allegations contained in paragraph 122 of Plaintiff's Complaint, these answering Defendants incorporate their responses to paragraphs 1 through 121, as if fully set forth herein.

24. The allegations set forth in paragraph 123 of Plaintiff's Complaint set forth legal conclusions to which no response is required from these answering Defendants. To the extent a response may be deemed required, these allegations are denied.

25. These answering Defendants are without information regarding the allegations contained in paragraph 124 of Plaintiff's Complaint and therefore deny the same.

26. These answering Defendants deny the allegations contained in paragraphs 125, 126, 127, and 128 of Plaintiff's Complaint.

27. These answering Defendants deny each and every allegation contained in Plaintiff's prayer for relief.

28. These answering Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted or modified herein.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on his part to do so, these answering Defendants reserve the right to assert failure to mitigate damages as a separate and affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants assert that to the extent the statute of limitations related to one or more of Plaintiff's claims have expired, those claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants assert that Plaintiff's injuries or damages, if any, were caused by his own actions, conduct, or failures to act; therefore, his claims are barred either wholly or in part.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants allege that Plaintiff's damages, if any, were caused by preexisting conditions.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate defense, Defendants affirmatively assert that they engaged in good faith efforts to comply with the relevant law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of absolute and qualified immunity. Plaintiffs have failed to comply with the applicable requirements of the Governmental Immunity Act and therefore, their claims in this matter are barred.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Plaintiffs cannot show that any alleged constitutional violation was caused by a policy, custom, or practice of American Fork City.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Plaintiff cannot show that any alleged misconduct or constitutional violations by Defendants were taken while acting under color of state law.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendants are not liable under § 1983 for alleged violations of state law.

### TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants have or may have other affirmative defenses which are not known at this time, but which may be ascertained through future discovery herein.  These answering Defendants reserve the right to assert each and every affirmative defense that may be ascertained through future discovery herein.

WHEREFORE, these answering Defendants requests that Plaintiff's Complaint be dismissed, with prejudice, and for any such further relief as the court deems just and equitable.

## RELIANCE ON PLAINTIFFS' DEMAND FOR JURY TRIAL

Defendants hereby assert their reliance on Plaintiff's jury demand and demand a trial by jury on all issues triable pursuant to Federal Rule of Civil Procedure 38(b).

DATED this 28th day of December, 2023.

                STRONG & HANNI

                */s/ Michael L. Ford*
                Robert L. Janicki
                Michael L. Ford
                *Attorneys for Defendants*

**MAILING CERTIFICATE**

I hereby certify that on the 28th day of December, 2023, a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** was filed using the court's electronic filing system, which sent notice to the following:

>  Karra J. Porter
>  M. Tanner Clagett
>  Christensen & Jensen PC
>  257 E 200 S, Suite 1100
>  Salt Lake City, UT 84111
>  tanner.clagett@chrisjen.com
>  karra.porter@chrisjen.com
>  *Attorneys for Plaintiff*

/s/ Chris Larson