IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FERRERI,<br><br>                    Plaintiff,<br>v.<br><br>CITY OF AMERICAN FORK, et al.,<br><br>                    Defendants. | **SETTLEMENT ORDER**<br><br>Case No. 2:23-cv-00559-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero<br>(for settlement only) |

This matter is referred to the undersigned for settlement.[1]  After discussing possible dates with the parties, the matter is hereby set for a Settlement Conference on ___**Monday, March 17, 2025 at 9:00 a.m. MST.**___  The parties will convene via Zoom video conference.

IT IS HEREBY ORDERED:

**Pre-settlement Conference Call**: On ___**Monday, March 3, 2025 at 10:00 a.m. MST,**___ all individuals who are participating in the settlement conference are to participate in a pre-settlement conference call via Zoom video conference using the above link.  This will be a conference call to discuss the initial review as discussed below, anticipated duration of the settlement conference, whether any additional information should be filed, and who will be present for each side, what their role is, and what authority they have.

 **Participation of the Parties**: All litigants involved are required to be personally present along with counsel if so represented at both the Pre-Settlement Conference Call and the Settlement Conference.[2]  ___**Counsel is required to have full and final settlement authority.  A litigant with**___

---

[1] *See* ECF 54.

[2] Any exceptions to this requirement must be cleared with the undersigned during the pre-settlement conference call.

***complete settlement authority must be physically present and participate in the settlement conference for the entire time period.***

**Confidential Settlement Statement:** On or before ***Monday, February 24, 2025,*** each party shall separately deliver to the undersigned a confidential settlement statement of no more than 10 pages (excluding attachments).  The confidential settlement statement shall not be filed with the Clerk of the Court or disclosed to opposing counsel.  A paper copy may be delivered directly to chambers or you may email an electronic copy to utdecf_romero@utd.uscourts.gov. The confidential settlement statement is to include the following:

1. Brief Summary of the case.

2. Disputed Issues of Facts. (Attach key documents and highlight relevant portions.)

3. Disputed Issues of Law. (Attach key cases, statutes, regulations and highlight relevant sections.)

4. Damages.  What are the parties view as to potential damages or problems with either parties' theory of damages? (Attach key summary of damages or key damage theory cases highlighted.)

5. Procedural Posture.  What is the procedural posture and address the impact of any dispositive pending motions? This must include identification of any pending motion(s) that either party feels preclude meaningful negotiation.

6. Discovery costs/status: An estimate of the cost and time to be expended for further discovery, pretrial and trial.

7. Mediation Objective/Underlying Concerns.  What are your client's central concerns, goals and interests?  What does the client hope to obtain in the mediation?  Identify any discrete issues which, if resolved, would aid in the settlement of the case.

8. Settlement posture.  What is the history of settlement negotiations, including if there is a present open offer of settlement or the last offer of settlement?

9. Pressure Points.  What are the pressure points in the case and include a forthright evaluation of the party's likelihood of prevailing on the claims and defenses?

10. An honest estimate of the likelihood of settling the matter. The parties are expected to make good-faith efforts to compromise. If the parties believe settlement is impossible for any reason, they should honestly so indicate.

11. A certification that counsel engaged in a candid discussion with their respective client(s) about the risks of trial and the risk of negative outcomes at trial; and

12. Any cap or constraints in dollar value on a party's authority to settle. An honest evaluation of whether such a cap may be exceeded, and if applicable, the contact information of who may authorize a cap exception.

The Court and its personnel will not permit other parties or counsel to have access to these confidential settlement statements.

**Confidentiality:** No report of proceedings, including any statement made by a party, attorney, or other participants in the settlement conference may be reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission unless otherwise discoverable. The undersigned will inform the referring judge whether or not the dispute has been settled, but no information regarding settlement negotiations or positions will be shared. No party will be bound by anything agreed upon or spoken at the settlement conference except as provided in a written settlement agreement or if placed upon the record following settlement discussions. No participant in the settlement conference may be compelled to disclose in writing or otherwise, or to testify in any proceeding, as to information disclosed or representations made during the settlement process, except as required by law.

**Initial Review**: Following review of the confidential settlement statements from the parties, if the court determines that settlement is not feasible at the time due to broadly divergent positions, the court will strike the settlement conference, and notify the referring judge that a settlement was not reached. If a material or meaningful change in the parties' positions or circumstances occurs, the parties may jointly move the court for a settlement conference at a future time.

For questions related to the settlement conference, counsel may contact Chambers directly at (801) 524-6422.

DATED this 27 January 2025.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah